[Civ. No. 5642. Second Appellate District, Division One.—August 2, 1929.]

LEONARD H. BOYD, Respondent, v. CUSTOM FURNITURE & LAMP STUDIO, INC. (a Corporation), Appellant; E. R. GELBERG, Intervener.

Milton M. Cohen and Jerome H. Kann for Appellant.

Charles H. Sherrick and Rembert M. Trezevant for Respondent.

Samuel DeGroot and Samuel S. Gelberg for Intervener.

YORK, J.—Judgment was rendered for the plaintiff against the appellant corporation for certain sums found to be due for services rendered under an oral contract, and certain sums as damages through loss of employment, the total judgment being the sum of $1688.

There was evidence which showed that at the time such agreement was made the general manager of said corporation, who was also the majority stockholder and president thereof, made the agreement with the plaintiff, upon which the court predicated its judgment. There was evidence that no stock was owned by anyone excepting the man who made this agreement, except certain qualifying shares. It was somewhat uncertain as to how many shares were really issued, but M. Leland Stanford, the man who was so acting as general manager, really held 5,520 shares, and various other persons held some 400 shares, it being shown that approximately 5,900 shares had been issued.

 There was sufficient evidence to support the findings of the trial court in spite of the contradictory evidence introduced by the appellant, and this court cannot, therefore, disturb the judgment herein, which is drawn in accordance with said findings.

The judgment appealed from is affirmed.

Houser, J., concurred in the judgment.

CONREY, P. J., Concurring.—I concur in the judgment. As there is no bill of exceptions and only a ''reporter's transcript'' of the proceedings at the trial, we are obliged to look to appellant's brief in our search for a specification of errors relied upon as grounds for reversal of the judgment. There is no direct specification of errors, and no pointing out of any particular finding not sustained by the evidence.

My search through appellant's brief leads me to think that the errors complained of are the following: That the evidence is insufficient to sustain the findings in this, that the plaintiff sued upon a written contract, whereas the evidence shows that no writing was executed by the parties; and in that the board of directors of defendant never passed upon the contract sued upon and there was no resolution authorizing the execution of such contract; and in that there is no evidence showing that Stanford, the president, had authority to act for the corporation in making the alleged contract; and in that there is no evidence tending to prove the monthly amounts of sales deliveries upon which the compensation of the plaintiff as sales agent was computed and allowed by the court. Also that the court erred in sustaining objections to questions propounded to the plaintiff on his cross-examination, in reference to the compensation he received prior to the alleged making of the contract. Also that the court erred in permitting the introduction in evidence of the memorandum exhibit one.

The contract does not appear to have been one which the law requires to be in writing. Stanford was not only president of the corporation, but, with full knowledge and at least implied consent of the directors, was acting as general manager, and as such apparently had authority to make a contract of the character of that in question here.

There is some evidence covering the amounts of sales deliveries upon which the amount of compensation was computed. The two alleged errors in rulings upon evidence were not of sufficient importance to have had any appreciable effect upon the result of the action.